MARÍA PONTÓN RAMOS ET AL., Plaintiffs and Appellees, *v.* SUCCESSORS OF HUERTAS GONZÁLEZ, Defendant and Appellant.

No. 5092. Argued November 22, 1933.—Decided May 31, 1934.

*José C. Jusino* for appellant.   *L. Santiago Carmona* for appellees.

ON REHEARING

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is the same case that gave rise to the decision reported in 42 P.R.R. 511. A motion for rehearing was presented by the defendant and appellant, setting forth that although it agreed that the first ten errors assigned in its brief had not been committed, it insisted upon the last three assignments, formulated thus:

"ELEVENTH ERROR:—The court erred in dismissing our counterclaims.

"TWELFTH ERROR:—The court erred in adjudging the defendant to pay the costs and attorney's fees.

"THIRTEENTH ERROR:—The judgment of the court is contrary to law."

Both parties were heard on the motion for rehearing, and it was finally granted. The following is a part of what was said in the opinion in deciding the motion:

"We have carefully considered the questions involved, and we are inclined to believe that the judgment, instead of being confined to allowing the mortgage credit to stand, should have ordered the payment of said credit, as was done in the case of *Arvelo et al. v. Banco Territorial y Agrícola,* 29 P.R.R. 996, and it should also have ordered the reimbursement of the $200 paid for taxes. We have serious doubts as to whether or not the satisfaction of the other credit of $3,000 would be proper, and we could not but be impressed by the arguments of the appellant in regard to the question of fruits and the indefiniteness observed in the pronouncement as to the payment of an amount up to $7,500, which the defendant was ordered to refund to the plaintiffs.

"That being so, it seems to us that the proper and just procedure is to sustain the motion presented, set aside the judgment rendered, and order a new hearing at which the party will have an opportunity to re-argue the case, especially as to the questions raised by the assignments of error numbered 11, 12, and 13, inasmuch as the appellant itself has expressly admitted the nonexistence of errors Nos. 1 to 10 assigned in its brief. The parties should not confine themselves to the submission of oral arguments but must present briefs, referring to the pages of the transcript where the facts of which they may treat appear."

The new hearing was held on the 22nd of last November, and the case was resubmitted to the court for consideration and decision.

In their complaints the plaintiffs pray that the mortgage foreclosure proceeding brought against them by the defendant for the collection of $4,500, with interest thereon and costs, be annulled, and that said defendant be adjudged to pay to them $28,000 as damages, together with costs, disbursements, and attorney's fees. Said sum of $28,000 was made up, to quote from the eighteenth paragraph of the complaint, as follows: "the plaintiffs, by being dispossessed of their only property, have suffered damages which they estimate at $10,000, it being the actual value of the property sold at

public auction, and mental suffering caused to the plaintiffs from the time they were deprived of their only property, and which they estimate at $10,000,'' and, further quoting from the supplemental complaint, ''as a result of the malicious insistence of the defendant, Succrs. of Huertas González, in prosecuting the foreclosure proceeding, applied to the marshal of the district court to be put immediately in possession of the property sold at public auction, and thereby said defendant took possession of and acquired a forty-acre (*cuerda*) tobacco plantation, partly owned by the plaintiffs and partly subject to an agricultural loan contract (*contrato de refacción*) with Tabacaleros de Bayamón, Inc., the whole plantation being valued at eight thousand dollars.'' That is, $10,000 was claimed for the value of the property, $10,000 for mental suffering, and $8,000 for the tobacco plantation.

The defendant in its answer denied that the foreclosure proceeding was void and that any damages had been suffered or could be granted as claimed; and, further, it set up four counterclaims. In the first, it was alleged that as the public sale of the mortgaged property had yielded only $3,000 the defendant still owed the plaintiffs $2,860 of the debt secured by mortgage. In the second, the defendant set up, that, in case the action for nullity prospered, since the mortgage in question was long overdue and paid, the plaintiffs should he adjudged to pay to the defendant the principal amount or $4,500, with interest thereon, costs, and attorney's fees. In the third, it was alleged that by reason of certain advances for agricultural purposes made by the defendant to the plaintiffs and which the latter failed to pay, the defendant brought suit against the plaintiffs and obtained a judgment of recovery on April 26, 1928, amounting to $3,300, plus interest at 12 per cent per annum, from October 26, 1927, of which amount it has been able to collect only $300. The insolvency of the plaintiffs was alleged and prayer was made that this judgment debt be deducted from any sum the defendant might be adjudged to pay to the plaintiffs. In the fourth counter-

claim, it was alleged that the defendant had paid $200 as taxes due on the plaintiffs' property that was awarded to the defendant, which sum should also be deducted.

The plaintiffs answered the first counterclaim by denying that the same stated facts sufficient to constitute a cause of action, and alleging that the defendant had sold the auctioned property to Vidal Rivera for $8,500; the second, by admitting that the mortgage which they had constituted in favor of the defendant and which was the basis of the void foreclosure proceeding became due on June 20, 1928, and that the principal amount had not been paid, and denying that they owed interest as from June 20, 1926, with costs and attorney's fees; the third, by admitting the crop loan and the judgment as alleged and denying that the tobacco sold at auction had yielded only $300, leaving a balance against them amounting to $3,000 and interest; and fourth, by denying the payment of the taxes referred to therein. As a special defense applicable to all the counterclaims, they set up the following:

"*Estoppel by conduct:* That the defendant by its conduct and actions subsequent to the acquisition of the mortgaged property sold at public auction, in selling said property to a third person for a price double the amount due, is estopped to set up as counterclaim against the plaintiffs any indebtedness, inasmuch as the proceeds of such sale far exceeded the amount of said indebtedness; and that by its conduct and subsequent action the defendant is estopped to demand a new auction or a new proceeding, as the purchaser of said property is a third person who acquired in good faith and without knowledge of the nullity of the summary foreclosure proceeding."

Upon the issues thus made, the case went to trial and was decided by the judgment appealed from, which reads as follows:

"For the reasons set forth in the Statement of Facts and Opinion, which is attached to the record of the instant case and made a part thereof, judgment is hereby rendered in favor of the plaintiffs and therefore the summary foreclosure proceeding brought in this district court under No. 5759, by Successors of Huertas González

against María Pontón Ramos and Luis Santiago Rivera, is hereby declared to be null and void; and it is ordered that the property sold in said proceedings be restored to the plaintiffs in this case, together with the fruits and rents thereof from the date on which plaintiffs were unlawfully dispossessed of said property; and, if such restoration can not be made, that they recover the value of the property and its fruits from the time they were dispossessed, as well as the actual damages suffered, up to the sum of $7,500, the defendant being also adjudged to pay to the plaintiffs the sum of $4,500 as indemnity for their mental anguish and suffering by reason of the foreclosure on their property by the defendant; and further, the court sustains the counterclaim in regard to leaving unaffected the $4,500 loan secured by a mortgage, with interest thereon at the legal rate of one per cent per month from June 20, 1927, and $500 for expenses, and costs, as appears in deed No. 55 of 1924, executed before Notary José C. Jusino; and imposes the costs, expenses, and disbursements of this suit on the defendant.''

Regarding the nullity of the mortgage foreclosure proceeding, we shall not change in any way the reasoning of this court in its decision reported in 42 P.R.R. 511. The proceeding was null and void because the mortgage was foreclosed before it had become due, and because no formal demand was made as required by law.

Nor have we changed our conclusion as to the impropriety of the claim for damages, on account of mental suffering, in a suit of this character. The new arguments of the learned counsel who represented the plaintiffs at the rehearing of the appeal, have not convinced us that our viewpoint was erroneous.

The situation being thus cleared up, the following points remain to be decided:

1. Whether or not that part of the judgment which orders that the property be restored, together with the fruits and rents thereof, and, if this can not be done, that the plaintiffs recover ''the value of the property and its fruits from the time they were dispossessed, as well as the actual damages suffered, up to the sum of $7,500,'' should be allowed to stand;

2. Whether or not the provision in the judgment sustaining the second counterclaim should be permitted to stand in its present form;

3. Whether or not the first, third, and fourth counterclaims should be sustained; and

4. Whether or not the pronouncement of costs contained in the judgment appealed from should prevail.

The courts are bound to decide the cases before them in accordance with the pleadings and the evidence.

Here, the plaintiffs have never asked for the restoration of the property and its fruits, and therefore such restoration can not and should not be decreed.

The plaintiffs prayed for the recovery of the value of the property, which they fixed at $10,000. They asked for no other relief in regard to the property, and we are bound to confine ourselves to the relief sought.

From the evidence offered at the trial it appears that the property in question was mortgaged to secure the sum of $4,500. It is situated in the barrio of Doña Elena, of Comerío, having an area of 73 *cuerdas,* of which at least 40 *cuerdas* are suitable for the cultivation of tobacco, its 1926 crop having yielded $6,796.02. A dwelling house and other buildings stood thereon. It was awarded to the then plaintiff firm for $3,000 at the foreclosure sale which is alleged to be, and which we have declared, void and a short time afterwards the said property was sold for $8,500. The plaintiff, Luis Santiago, testified at the trial that the property was worth ten or twelve thousand dollars, and Florentino Longo, manager of the defendant firm, who also testified at the trial, stated its value to be $6,000.

Those are the facts appearing in the evidence that can lead us to the fixing of the fair value of the property, of which the plaintiffs were wrongfully dispossessed by the defendant. Based on them, a majority of this court have concluded that the fair value of the property should be fixed at $8,500, which is the amount for which it was sold by the de-

fendant. The minority, composed of Mr. Justice Hutchison and the author of this opinion, think that in view of all the attendant circumstances, credit should be given to the testimony of the plaintiff, Luis Santiago, and the value of the property fixed at $10,000.

The court also adjudged the defendant to pay the value of the fruits as well as the direct damages up to the sum of $7,500.

As to the fruits actually produced or that might have been produced, they were not claimed by the plaintiffs, and even if they had been so claimed, we do not find in the record any evidence that would enable us to fix them.

The same thing can be said in regard to the actual damages. In studying the case, we think that perhaps the judge had in mind the $8,000 claimed in the supplemental complaint as the value of the tobacco which existed on the property. However, that claim was expressly disregarded by the trial judge in the statement of the case and opinion on which he based his judgment. In that document he said:

"It is true that the plaintiff himself testified that he owned, in the town of Comerío, a business on which various attachments had been levied by other creditors. It was likewise proved that at the time possession was given to the mortgagee, there were forty *cuerdas* of tobacco planted on the property, of which, six, more or less, had been gathered, and that thirty *cuerdas* or so had been lost as he had not been able to harvest the tobacco on them. Really, it may be that the plaintiffs are right concerning the second-particular in regard to damages, as alleged in the supplemental complaint. This tobacco was the subject of execution in other proceedings, and the same was awarded to the plaintiff for $300. The remainder of the tobacco that might have been harvested by the plaintiff, has not been liquidated. Sufficient elements of damages have not been proved on which to base a just and impartial decision in regard thereto."

We have examined the evidence of both parties on that point, and it shows that the defendant wrongfully took possession of the tobacco that had been gathered. It seems that a portion thereof was later awarded to it for $300, and

another portion returned to the plaintiff Santiago, who gave a receipt therefor. As to the growing tobacco, said evidence shows, in our opinion, that it was gathered by the plaintiff Santiago himself and his croppers (*medianeros*). Santiago kept it on the lower floor of his house in Comerío and the river carried it away during the San Felipe hurricane.

The impression produced by an examination of that evidence is that the defendant caused some damages to the plaintiffs, the amount of which can not be determined. This is one of the many cases where the evidence adduced by the parties is so deficient that it does not enable the court to dispense the justice it should.

From a consideration of the first question, we think, then, that the provisions in the judgment relating to the return of the property with its fruits, or to the reimbursement of its value and its fruits, together with $7,500 as damages, can not stand. Instead, there should be awarded the sum of $8,500, the prevailing value of the property.

Nor should the provision sustaining the second counterclaim be allowed to stand in its present form.

In accordance with the rulings made by this Supreme Court in the cases of *Arvelo et al.* v. *Banco Territorial y Agrícola,* 29 P.R.R. 996, and *López et al.* v. *Quiñones et al.,* 30 P.R.R. 317, and other more recent cases, the claim can and should be definitely decided within this same suit.

There is no doubt whatever that, after the annullment of the summary foreclosure proceeding the debt secured by the mortgage subsists. It is evident that the defendant is entitled to collect the $4,500 he lent to the plaintiffs, once it has reimbursed to them the value of the property since the property itself can not be restored. What we do think is that it is not entitled to recover the costs and attorney's fees or the interest, as it must not be overlooked that the fees pertained to a void proceeding and that the property was improperly awarded to it and was sold by it for $8,500 from which amount it has been benefiting since the receipt of the

same. To accord it such right would be to grant it a double profit, since it was adjudged to reimburse the value of the property, without fruits or interest. The provision should be modified so as to recognize the defendant's right to recover from the plaintiffs the sum of $4,500, which should be deducted by the defendant from the $8,500 that it must pay to the plaintiffs.

Now let us see how the remaining counterclaims should be decided.

The first one is manifestly improper. The relief sought thereby is in conflict with the decreed nullity of the foreclosure proceeding. The public sale has been rendered void and can not serve as a basis for further proceedings.

The third counterclaim lies, in part. After examining the evidence introduced at the trial and taking into consideration the plaintiffs' own admission, we find as proven that a valid judgment, which has become final (*firme*), was rendered against the plaintiffs and in favor of the defendant, for the sum of $3,300 and interest thereon, of which the defendant has been able to collect only $300, leaving a balance of $3,000 which the defendant can not recover unless said amount is deducted from the sum which it in its turn must pay to the plaintiffs, as the latter had no other property.

We said that this counterclaim should be sustained in part, because we think that no recovery of interest should be decreed. If the $4,500, principal amount of the mortgage is added to the $3,000 of the judgment the resulting total is less than the amount obtained by the defendant as proceeds of the sale of the plaintiffs' property which was improperly awarded to it.

The fourth and last counterclaim refers to the reimbursement of the sum of $200 paid by the defendant for taxes due on the property, with interest thereon from the time of such payment.

At the trial, the payment of said taxes was shown and the reimbursement thereof is just, but without interest, said sum

to be deducted as in the case of the second and third counterclaims.

There only remains to be considered the question of costs. Taking into account all the attendant circumstances, we are of the opinion that the pronouncement should stand. It is true that the plaintiffs failed to obtain all the relief they sought, and that some of the counterclaims of the defendant had prospered but the fact remains that had it not been for the unjustified conduct of the defendant there would never have been any necessity for instituting this suit.

We think, therefore, that considering as a whole the issues involved, so as to dispose of this litigation in a manner as speedy, definite, and just as may be possible, the judgment to be finally rendered should be one declaring void the summary foreclosure proceeding and ordering the defendant to pay to the plaintiffs $8,500, and the plaintiffs to pay to the defendant $4,500, and in addition $3,000 and $200, in all $7,700, which deducted from the $8,500, leaves a balance of $800, this being the sum that the defendant is finally bound to pay the plaintiffs, with the costs of this suit.